### Stamper v. Commonwealth.

(Decided June 18, 1920.)

## Appeal from Harlan Circuit Court.

1. Criminal Law—Forgery—Introduction of Other Writings—Notice Under Section 604, of the Civil Code.—In a prosecution for forgery, where other writings are introduced for purposes of comparison with the writing in dispute, the notice of the intention to introduce such other writings with opportunity for examination, as required by section 604, of the Civil Code, must be given.

2. Criminal Law—Evidence—Introduction of Other Writings for Purpose of Comparison With Writing in Dispute.—Section 604, of the Civil Code, relating to the introduction of other writings for purposes of comparison with the writing in dispute, refers to writings that were executed at a different time and place from the writing in dispute, and are not applicable to writings that are a part of the writing in dispute or that were executed at the same time and place that it was.

HALL & JONES and J. E. SAMPSON for appellant.

CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

The appellant, A. M. Stamper, under an indictment charging him with the forgery of a check for $900.00, was found guilty and his punishment fixed at imprisonment in the state penitentiary for a term of two years. On this appeal, his counsel insist that the judgment should be reversed; first, because the evidence was not sufficient to sustain a conviction; and, second, for prejudicial error committed by the trial court in the admission of evidence.

On August 12, 1919, a man who assumed to be Walter Cole presented to the Harlan State Bank a check for $900.00, drawn on that date on the First National Bank of Whitesburg, and payable to the Harlan State Bank.

The check was signed with the name of Walter Cole. When the check was presented to the Harlan State Bank, it was placed to the credit of Walter Cole, who it appears had not before kept a deposit at the bank, and was unknown to the bank officers. At the same time, the person assuming to be Walter Cole, at the request of the cashier, signed his name to a card and left it with the bank so that his signature might be available to the bank for comparison with the checks that might be drawn by him on his deposit.

In the usual course of business and within a few days, the check was sent to the Whitesburg bank on which it was drawn and paid. On August 28th, 1919, the person who made the deposit in the Harlan bank on August 12th, and yet assuming to be Walter Cole, presented in person a check for $700.00 at the Harlan bank, payable to himself; and having on deposit at the time $900.00, the bank paid him the $700.00 in money.

A few days after this the Whitesburg bank, with which the real Walter Cole did business, sent him a statement of his account with the bank, including the checks he had drawn, among them being the check for $900.00. When Walter Cole received and examined his checks, he at once discovered that the $900.00 check was a forgery and so advised the Whitesburg bank. In this connection, it may be said that it is admitted by the Whitesburg bank that this $900.00 check had not been drawn by Walter Cole and was a forgery. Soon after this, the appellant, A. M. Stamper, was charged with the commission of the forgery and indicted, with the result stated.

On the trial of the case, there was evidence tending to show that A. M. Stamper was the man who deposited with the Harlan bank the $900.00 check and who later withdrew from the bank the $700.00 in money. On the other hand, the weight of the evidence conduces to show that Stamper was in Whitesburg, some fifty miles distant from Harlan, on the morning and during the day of August 28th, when the $700.00 was withdrawn from the bank, and that he remained in Whitesburg until late in the afternoon of August 30th; and if this evidence is to be believed, it is, of course, manifest that the cashier of the Harlan bank was mistaken in his evidence that Stamper, whom he identified as the man who made the

deposit on August 12th, was in his bank on August 28th, and withdrew the $700.00.

It is strongly contended by counsel for Stamper—and there is great force in the contention—that if Stamper was not the man who withdrew the $700.00 on August 28th, neither was he the man who deposited the $900.00 check on August 12th, because the cashier of the Harlan bank testified that the same man made the deposit on August 12th, and checked out the $700.00 on August 28th.

As to whether Stamper was in the Harlan bank on August 12th, is also a disputed issue. Stamper admits that he was in Harlan that day, but denies that he was in the bank or that he deposited or had anything to do with the drawing or depositing of the $900.00 check; while the cashier of the bank says that he was in the bank on that day and did deposit the check.

The defense of Stamper was an alibi, and while so much of his defense as relates to the transaction on August 12th, is supported only by his own evidence, so much of it as relates to the transaction on August 28th, is strongly supported by a number of witnesses who testified positively that he was in Whitesburg between nine and ten o'clock on the morning of the 28th, and remained there until late in the afternoon of August 30th.

With the evidence in the condition stated, and in view of the fact that the judgment must be reversed for other reasons, we refrain from expressing an opinion as to the sufficiency of the evidence to sustain a conviction, preferring to leave this matter to another jury.

On the trial of the case, the Commonwealth introduced the two checks for $900.00 and $700.00 each, the identification card signed by the man assuming to be Walter Cole when the $900.00 deposit was made, a letter written and signed by the appellant, Stamper, and a check for $20.00, the body of which was written by Stamper but the signature by Walter Cole. The checks for $900.00 and $700.00, were, of course, competent and no objection was made to their introduction as evidence upon the ground that notice had not been given to Stamper or his attorney that these writings would be introduced, as provided in section 604, of the Code. The identification card was admissible without notice, because it was a part of the transaction connected with

the deposit of the $900.00 check. It and the check were signed by the same person and independent of the Code provisions, it was competent for the purpose of showing that the same person signed the check and the identification card, and it was permissible to show by persons who had examined these writings that the same person signed the name "Walter Cole" to each of them.

The Code provision only applies to writings that are executed at a different time and place from the particular writing under investigation, and that are introduced only for purposes of comparison with the writing in dispute. Major v. Garrott, 157 Ky. 468.

The letter and the $20.00 check, both of which were executed some time before the bank transaction took place, came under the Code provisions and were not admissible unless the provisions of the Code in regard to notice and opportunity for inspection were first complied with.

It appears that when the letter and the check were introduced, they were compared by witnesses with the $900.00 and $700.00 checks, and these witnesses testified that the same person wrote the letter, the body of the $20.00 check, and the signature to the $900.00 and $700.00 checks. It also appears that when these writings were introduced and after the witnesses who had examined them testified as to the similarity of the handwriting, they were handed to the jury for their inspection and were examined by the jurors.

At the conclusion of the evidence, the court orally instructed the jury that they should not consider the letter or $20.00 check, or the evidence of the witnesses who compared these papers with the other two checks and testified as to the similarity of the writing in determining the guilt or innocence of the accused. But it is insisted that the admonition of the court to the jury came too late, as the minds of the jurors had been particularly directed to the letter and the $20.00 check, not only by the evidence of the witnesses, but by their own examination, and, therefore, the prejudicial effect of this evidence, which was incompetent because no notice had been given of its introduction, could not be removed by the admonition of the court.

As the $20.00 check and the letter were introduced for purposes of comparison with the $900.00 and $700.00 checks, it was necessary, under section 604, of the Code,

that the Commonwealth should have given reasonable notice to Stamper, or his attorney, of its intention to introduce these writings, together with reasonable opportunity to examine them before the commencement of the trial. But in view of the fact that the court in every way that it could took from the jury the consideration of this incompetent evidence, its admission would not perhaps, under ordinary circumstances, be so prejudicial as to authorize a reversal of the case especially.

The evidence, however, of the guilt of Stamper is so conflicting and unsatisfactory that we have concluded that under the circumstances of this particular case the court could not, by its admonition, correct or remove from the minds of the jury the prejudicial effect that must have been produced by the admission of this incompetent evidence. On another trial, the court should not permit Walter Cole to testify as an expert unless he shows himself to be better qualified than he did on the last trial.

For the error mentioned the judgment must be reversed with directions for a new trial in conformity with this opinion.